William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiff*
*Mitsubishi Tanabe Pharma Corporation*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MITSUBISHI TANABE PHARMA CORPORATION,<br><br>                Plaintiff,<br><br>        v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC.,<br>ZYDUS LIFESCIENCES LIMITED, and<br>ZYDUS LIFESCIENCES GLOBAL FZE,<br><br>                Defendants. | Civil Action No. 25-18032 |

### <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff Mitsubishi Tanabe Pharma Corporation ("MTPC" or "Plaintiff"), by its undersigned attorneys, brings this action for patent infringement against Defendants Zydus Pharmaceuticals (USA) Inc. ("Zydus USA"), Zydus Lifesciences Limited ("Zydus Lifesciences"), and Zydus Lifesciences Global FZE ("Zydus Global FZE") (collectively, "Zydus" or "Defendants"), and hereby alleges, on knowledge as to its own actions, and on information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.      This is an action for infringement by Defendants, under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, of MTPC's United States Patent Nos. 10,987,341 ("the '341 patent"), 11,241,416 ("the '416 patent"), 11,478,450 ("the '450 patent"), 11,826,352 ("the '352 patent"), 11,957,660 ("the '660 patent"), 12,194,025 ("the '025 patent"), 12,285,409 ("the '409 patent"), and 12,310,946 ("the '946 patent") (collectively, the "Patents-in-Suit"), under the United States Patent Laws, 35 U.S.C. §§ 100 *et seq.*, the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*, and as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

2.      This action arises from Defendants' submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 220849, seeking approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of its pharmaceutical products before the expiration of the Patents-in-Suit, which are listed in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, (the FDA's "Orange Book") for RADICAVA ORS®.

## AMYOTROPHIC LATERAL SCLEROSIS

3.      Amyotrophic lateral sclerosis ("ALS"), also known as Lou Gehrig's disease, is a devastating and fatal neurodegenerative disease that causes motor neurons–nerve cells in the brain and spinal cord–to progressively decay and die. When this happens, the brain's ability to control muscle movement is progressively lost as the patient loses the ability to speak, eat, move and eventually breathe. The causes of ALS are not known. Once diagnosed with ALS, patients, on

average, live for 3 to 5 additional years, although their quality of life deteriorates substantially throughout their few remaining years. There is no cure for ALS.[1]

4.     The care of an ALS patient is burdensome, requiring a team of medical professionals, specialized equipment, and constant attention of a caregiver. Caregivers are often relatives who have forgone their occupations in order to care for the daily activities of the ALS patient. The demands of caregiving for an ALS patient take a toll on the health and finances of the caregivers as well. Of the neurodegenerative diseases, ALS is considered one of the most expensive and burdensome, imposing significant direct and indirect costs on the ALS patient, their caregivers, medical professionals, and the healthcare industry.

5.     Since 1980, although over one hundred (100+) clinical trials with various compounds have been conducted and published, only four active pharmaceutical ingredients ("APIs") have been approved by the FDA for the treatment of ALS. RELYVRIO®, a drug using one of those APIs, was subsequently withdrawn from the market due to a failed clinical study. MTPC's RADICAVA ORS® is one of the few drug formulations containing one of the remaining three approved APIs for the treatment of ALS.

### RADICAVA ORS®

6.     MTPC holds an exclusive license to NDA No. 215446 from K.K. BCJ-94, the parent company of MTPC. On May 12, 2022, the FDA approved NDA No. 215446, thereby approving the first oral suspension formulation containing the edaravone API, available in the United States and marketed and sold under the trade name RADICAVA ORS®.

---

[1] Information in this paragraph is sourced from www.als.org and the National Institute of Health's "Amyotrophic Lateral Sclerosis fact sheet" (January 2017), available from https://www.ninds.nih.gov/sites/default/files/migrate-documents/ALS_FactSheet-E_508C.pdf and downloaded on April 22, 2024.

7.      MTPC invested hundreds of millions of dollars in research and development demonstrating the efficacy and safety of RADICAVA ORS® for the treatment for ALS.

8.      Although there is no cure for ALS, RADICAVA ORS® helps slow the progression (*i.e.*, loss of physical function) of the disease in ALS patients by approximately thirty-three percent (33%) as compared to a placebo over the same six-month period. Unlike the prior RADICAVA® intravenous ("IV") formulation, RADICAVA ORS® can be administered by the patient or informal caregivers in a home setting, either orally or via a feeding tube, and in only a few minutes. There is no need to transport the patient to a healthcare facility for IV injection of RADICAVA®.

9.      On March 28, 2024, the FDA granted seven years of Orphan Drug Exclusivity ("ODE") for RADICAVA ORS® for the treatment of ALS based upon the FDA's conclusion that RADICAVA ORS® constitutes a major contribution to patient care for people living with ALS because it provides patients the clinically superior option of an oral suspension route of administration, reducing the burden patients faced with IV administration of the previously approved RADICAVA® formulation.

10.     Pursuant to 21 C.F.R. § 316.31 relating to ODE, the FDA may not approve another application "for the same drug for the same use or indication before the expiration of 7 years from the date of such approval."

11.     The ODE for RADICAVA ORS® expires on May 12, 2029.

12.     Pursuant to 21 U.S.C. § 355(b)(l)(viii), the Patents-in-Suit are listed in the Approved Drug Products With Therapeutic Equivalence Evaluations ("Orange Book") in connection with NDA No. 215446 for RADICAVA ORS®.

## THE PARTIES

13.      MTPC is a corporation organized and existing under the laws of Japan and having its corporate headquarters at 3-2-10, Dosho-machi, Chuo-ku, Osaka, 541-8505, Japan. MTPC is a global research and development pharmaceutical company that has consistently dedicated itself to developing innovative therapies for some of the most rare and devastating conditions affecting humanity, including RADICAVA ORS®.

14.      On information and belief, Zydus USA is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 73 Route 31 North, Pennington, NJ 08534.

15.      On information and belief, Zydus Lifesciences is a company organized and existing under the laws of India, with a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G., Highway, Ahmedabad 382481, Gujarat, India.

16.      On information and belief, Zydus Global FZE is a corporation organized and existing under the laws of the United Arab Emirates (UAE), with a principal place of business at FZJO B2601, Jebel Ali Free Zone Dubai, Dubai, United Arab Emirates.

17.      On information and belief, Zydus is in the business of, *inter alia*, directly or indirectly, developing, manufacturing, marketing, distributing, selling, offering for sale, and/or importing generic versions of branded pharmaceutical products throughout the world, including the United States and this judicial district.

18.      On information and belief, Zydus is the holder of ANDA No. 220849, seeking FDA approval to market a generic copy of RADICAVA ORS®.

19.     On information and belief, Zydus caused Zydus's ANDA No. 220849 to be submitted to FDA from this district, and seeks FDA approval of Zydus's ANDA to market a generic copy of RADICAVA ORS®.

20.     On information and belief, upon obtaining FDA approval of Zydus's ANDA No. 220849, Defendants intends to distribute, offer to sell, and sell the proposed infringing products described in Zydus's ANDA No. 220849 throughout the United States, including this judicial district.

## JURISDICTION AND VENUE

21.     MTPC restates, realleges, and incorporates by reference paragraphs 1–20 as if fully set forth herein.

22.     This action arises under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code.

23.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

24.     This Court may exercise jurisdiction over Zydus USA because, on information and belief, Zydus USA is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. On information and belief, Zydus USA directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. On information and belief, Zydus USA purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Zydus's generic products.

25.     This Court may exercise jurisdiction over Zydus Lifesciences because, on information and belief, Zydus Lifesciences is an India company and is in the business of

manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. On information and belief, Zydus Lifesciences directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. On information and belief, Zydus Lifesciences purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Zydus's generic products.

26.     This Court may exercise jurisdiction over Zydus Global FZE because, on information and belief, Zydus Global FZE is a Dubai, UAE company and is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. On information and belief, Zydus Global FZE directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. On information and belief, Zydus Global FZE purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Zydus's generic products.

27.     On information and belief, as described in Zydus's notification of ANDA No. 220849 and the certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV), dated October 29, 2025 and received by MTPC On November 4, 2025 ("Notice Letter"), Zydus caused ANDA No. 220849 to be submitted to the FDA to seek FDA approval of ANDA No. 220849 prior to the expiration of the Patents-in-Suit listed in the Orange Book for RADICAVA ORS®.

28.     This Court also has personal jurisdiction over Zydus because Zydus has committed, aided, abetted and participated and/or will commit, will aid, will abet and/or will participate in the commission of acts of patent infringement, including acts in this judicial district, which have led to foreseeable harm and injury to MTPC in this judicial district.

29.     Venue is proper, pursuant to 28 U.S.C. §§ 1391 and/or 1400, in this Court for Zydus USA for reasons stated above and, *inter alia*, on information and belief, because Zydus USA has a regular and established place of business in New Jersey and has committed acts of infringement in New Jersey.

30.     Venue is proper, pursuant to 28 U.S.C. §§ 1391 and/or 1400, in this Court for Zydus Lifesciences for reasons stated above and, *inter alia*, on information and belief, because Zydus Lifesciences is a foreign corporation and may be sued in any judicial district in the United States.

31.     Venue is proper, pursuant to 28 U.S.C. §§ 1391 and/or 1400, in this Court for Zydus Global FZE for reasons stated above and, *inter alia*, on information and belief, because Zydus Global FZE is a foreign corporation and may be sued in any judicial district in the United States.

## THE PATENTS-IN-SUIT

32.     MTPC owns the '341 patent, which was duly and legally issued on April 27, 2021, and is entitled "Edaravone Suspension for Oral Administration." A copy of the '341 patent is attached as Exhibit A.

33.     MTPC owns the '416 patent, which was duly and legally issued on February 8, 2022, and is entitled "Edaravone Suspension for Oral Administration." A copy of the '416 patent is attached as Exhibit B.

34.     MTPC owns the '450 patent, which was duly and legally issued on October 25, 2022, and is entitled "Edaravone Suspension for Oral Administration." A copy of the '450 patent is attached as Exhibit C.

35.     MTPC owns the '352 patent, which was duly and legally issued on November 28, 2023, and is entitled "Edaravone Suspension for Oral Administration." A copy of the '352 patent is attached as Exhibit D.

36.    MTPC owns the '660 patent, which was duly and legally issued on April 16, 2024, and is entitled "Edaravone Suspension for Oral Administration." A copy of the '660 patent is attached as Exhibit E.

37.    MTPC owns the '025 patent, which was duly and legally issued on January 14, 2025, and is entitled "Pharmaceutical composition for oral administration of edaravone and method of administering same." A copy of the '025 patent is attached as Exhibit F.

38.    MTPC owns the '409 patent, which was duly and legally issued on April 29, 2025, and is entitled "Edaravone Suspension for Oral Administration." A copy of the '409 patent is attached as Exhibit G.

39.    MTPC owns the '946 patent, which was duly and legally issued on May 27, 2025, and is entitled "Pharmaceutical composition for oral administration of edaravone and method of administering same." A copy of the '946 patent is attached as Exhibit H.

## DEFENDANTS' ANDA

40.    On information and belief, Zydus submitted to the FDA, and continues to maintain, its abbreviated ANDA No. 220849 relying upon the MTPC's RADICAVA ORS® data for FDA approval.

41.    On information and belief, Zydus seeks approval of ANDA No. 220849 for a proposed edaravone suspension, administered at a dose concentration of 105 mg/5 ml.

42.    On information and belief, ANDA No. 220849 identifies MTPC's RADICAVA ORS® as the RLD.

43.    On information and belief, Zydus seeks FDA approval of ANDA No. 220849 to engage in the commercial manufacture, use, sale, offer for sale and/or importation of its proposed edaravone suspension as a proposed generic copy of RADICAVA ORS®.

44.     On information and belief, the FDA has not approved ANDA No. 220849.

45.     On information and belief, Zydus sent MTPC a letter, purporting to include "Zydus's Detailed Factual and Legal Bases in Support of its Paragraph IV Certification for Edaravone Oral Suspension, 105 mg/5 ml" dated October 29, 2025 (Zydus's "Notice Letter"), stating that Zydus had submitted ANDA No. 220849, seeking FDA approval to commercially manufacture, use, market, and/or sell a generic copy of RADICAVA ORS®, in the United States, including New Jersey, prior to the expiration of the Patents-in-Suit.

46.     Zydus's Notice Letter contained an offer of confidential access ("Offer") to certain confidential information regarding Zydus's proposed generic version of RADICAVA ORS® and ANDA No. 220849.

47.     To date, MTPC has not received samples of Zydus's infringing edaravone product or the edaravone API used by Zydus.

48.     This action is being brought within 45 days of MTPC's receipt on November 4, 2025, of Zydus's Notice Letter, pursuant to 21 U.S.C. § 355(c)(3)(C). Accordingly, MTPC is entitled to a thirty (30) month stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and 21 U.S.C. § 355(j)(5)(F)(ii).

## CLAIMS FOR RELIEF

## COUNT 1: INFRINGEMENT OF THE '341 PATENT

49.     MTPC restates, realleges, and incorporates by reference paragraphs 1–48 as if fully set forth herein.

50.     On information and belief, Zydus submitted and/or caused the submission of ANDA No. 220849 to the FDA, seeking approval of Zydus's proposed edaravone product in the United States prior to the expiration of the '341 patent.

51.     On information and belief, Zydus's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '341 patent, including at least Independent Claim 1 of the '341 patent. For example, on information and belief, differences, if any, between the features of Zydus's proposed edaravone product and the claims of the '341 patent are insubstantial, and Zydus's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the products claimed in the '341 patent.

52.     Zydus has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '341 patent by submitting ANDA No. 220849 with Zydus's Notice Letter, seeking approval of Zydus's proposed edaravone product prior to the expiration of the '341 patent listed in the FDA Orange Book.

53.     On information and belief, Zydus intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's proposed edaravone product upon receipt of final FDA approval of ANDA No. 220849.

54.     On information and belief, the importation, manufacture, offer to sell, sale, or use of Zydus's proposed edaravone product in the United States prior to the expiration of the '341 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '341 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

55.     Zydus had actual and constructive notice of the '341 patent prior to filing ANDA No. 220849, seeking approval of Zydus's proposed edaravone product.

56.     MTPC is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 220849 be a date that is not earlier than the

expiration date of the '341 patent or the later expiration of any patent term extension or exclusivity for the '341 patent to which MTPC is or becomes entitled.

57.     MTPC is entitled to a declaration that, if Zydus commercially manufactures, uses, offers for sale, or sells Zydus's proposed edaravone product within the United States, or imports Zydus's proposed edaravone product into the United States, or induces or contributes to such activities, Zydus will infringe one or more claims of the '341 patent under 35 U.S.C. §§ 271(a), (b) and (c).

58.     MTPC will be irreparably harmed if Zydus is not enjoined from Zydus's activities infringing the '341 patent. MTPC does not have an adequate remedy and an award of damages would not make MTPC whole.

## COUNT 2: INFRINGEMENT OF THE '416 PATENT

59.     MTPC restates, realleges, and incorporates by reference paragraphs 1–58 as if fully set forth herein.

60.     On information and belief, Zydus submitted and/or caused the submission of ANDA No. 220849 to the FDA, seeking approval of Zydus's proposed edaravone product in the United States prior to the expiration of the '416 patent.

61.     On information and belief, Zydus's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '416 patent, including at least Independent Claim 1 of the '416 patent. For example, on information and belief, differences, if any, between the features of Zydus's proposed edaravone product and the claims of the '416 patent are insubstantial, and Zydus's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the products claimed in the '416 patent.

62.     Zydus has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '416 patent by submitting ANDA No. 220849 with Zydus's Notice Letter, seeking approval of Zydus's proposed edaravone product prior to the expiration of the '416 patent listed in the FDA Orange Book.

63.     On information and belief, Zydus intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's proposed edaravone product upon receipt of final FDA approval of ANDA No. 220849.

64.     On information and belief, the importation, manufacture, offer to sell, sale, or use of Zydus's proposed edaravone product in the United States prior to the expiration of the '416 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '416 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

65.     Zydus had actual and constructive notice of the '416 patent prior to filing ANDA No. 220849, seeking approval of Zydus's proposed edaravone product.

66.     MTPC is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 220849 be a date that is not earlier than the expiration date of the '416 patent or the later expiration of any patent term extension or exclusivity for the '416 patent to which MTPC is or becomes entitled.

67.     MTPC is entitled to a declaration that, if Zydus commercially manufactures, uses, offers for sale, or sells Zydus's proposed edaravone product within the United States, or imports Zydus's proposed edaravone product into the United States, or induces or contributes to such activities, Zydus will infringe one or more claims of the '416 patent under 35 U.S.C. §§ 271(a), (b) and (c).

68.     MTPC will be irreparably harmed if Zydus is not enjoined from Zydus's activities infringing the '416 patent. MTPC does not have an adequate remedy and an award of damages would not make MTPC whole.

## COUNT 3: INFRINGEMENT OF THE '450 PATENT

69.     MTPC restates, realleges, and incorporates by reference paragraphs 1–68 as if fully set forth herein.

70.     On information and belief, Zydus submitted and/or caused the submission of ANDA No. 220849 to the FDA, seeking approval of Zydus's proposed edaravone product in the United States prior to the expiration of the '450 patent.

71.     On information and belief, Zydus's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '450 patent, including at least Independent Claim 1 of the '450 patent. For example, on information and belief, differences, if any, between the features of Zydus's proposed edaravone product and the claims of the '450 patent are insubstantial, and Zydus's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the products claimed in the '450 patent.

72.     Zydus has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '450 patent by submitting ANDA No. 220849 with Zydus's Notice Letter, seeking approval of Zydus's proposed edaravone product prior to the expiration of the '450 patent listed in the FDA Orange Book.

73.     On information and belief, Zydus intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United

States, of Zydus's proposed edaravone product upon receipt of final FDA approval of ANDA No. 220849.

74.     On information and belief, the importation, manufacture, offer to sell, sale, or use of Zydus's proposed edaravone product in the United States prior to the expiration of the '450 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '450 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

75.     Zydus had actual and constructive notice of the '450 patent prior to filing ANDA No. 220849, seeking approval of Zydus's proposed edaravone product.

76.     MTPC is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 220849 be a date that is not earlier than the expiration date of the '450 patent or the later expiration of any patent term extension or exclusivity for the '450 patent to which MTPC is or becomes entitled.

77.     MTPC is entitled to a declaration that, if Zydus commercially manufactures, uses, offers for sale, or sells Zydus's proposed edaravone product within the United States, or imports Zydus's proposed edaravone product into the United States, or induces or contributes to such activities, Zydus will infringe one or more claims of the '450 patent under 35 U.S.C. §§ 271(a), (b) and (c).

78.     MTPC will be irreparably harmed if Zydus is not enjoined from Zydus's activities infringing the '450 patent. MTPC does not have an adequate remedy and an award of damages would not make MTPC whole.

## COUNT 4: INFRINGEMENT OF THE '352 PATENT

79.     MTPC restates, realleges, and incorporates by reference paragraphs 1–78 as if fully set forth herein.

80.     On information and belief, Zydus submitted and/or caused the submission of ANDA No. 220849 to the FDA, seeking approval of Zydus's proposed edaravone product in the United States prior to the expiration of the '352 patent.

81.     On information and belief, Zydus's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '352 patent, including at least Independent Claim 1 of the '352 patent. For example, on information and belief, differences, if any, between the features of Zydus's proposed edaravone product and the claims of the '352 patent are insubstantial, and Zydus's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the products claimed in the '352 patent.

82.     Zydus has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '352 patent by submitting ANDA No. 220849 with Zydus's Notice Letter, seeking approval of Zydus's proposed edaravone product prior to the expiration of the '352 patent listed in the FDA Orange Book.

83.     On information and belief, Zydus intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's proposed edaravone product upon receipt of final FDA approval of ANDA No. 220849.

84.     On information and belief, the importation, manufacture, offer to sell, sale, or use of Zydus's proposed edaravone product in the United States prior to the expiration of the '352 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '352 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

85.     Zydus had actual and constructive notice of the '352 patent prior to filing ANDA No. 220849, seeking approval of Zydus's proposed edaravone product.

86.     MTPC is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 220849 be a date that is not earlier than the expiration date of the '352 patent or the later expiration of any patent term extension or exclusivity for the '352 patent to which MTPC is or becomes entitled.

87.     MTPC is entitled to a declaration that, if Zydus commercially manufactures, uses, offers for sale, or sells Zydus's proposed edaravone product within the United States, or imports Zydus's proposed edaravone product into the United States, or induces or contributes to such activities, Zydus will infringe one or more claims of the '352 patent under 35 U.S.C. §§ 271(a), (b) and (c).

88.     MTPC will be irreparably harmed if Zydus is not enjoined from Zydus's activities infringing the '352 patent. MTPC does not have an adequate remedy and an award of damages would not make MTPC whole.

## COUNT 5: INFRINGEMENT OF THE '660 PATENT

89.     MTPC restates, realleges, and incorporates by reference paragraphs 1–88 as if fully set forth herein

90.     On information and belief, Zydus submitted and/or caused the submission of ANDA No. 220849 to the FDA, seeking approval of Zydus's proposed edaravone product in the United States prior to the expiration of the '660 patent.

91.     On information and belief, Zydus's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '660 patent, including at least Independent Claim 1 of the '660 patent. For example, on information and belief, differences, if

any, between the features of Zydus's proposed edaravone product and the claims of the '660 patent are insubstantial, and Zydus's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the products claimed in the '660 patent.

92.     Zydus has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '660 patent by submitting ANDA No. 220849 with Zydus's Notice Letter, seeking approval of Zydus's proposed edaravone product prior to the expiration of the '660 patent listed in the FDA Orange Book.

93.     On information and belief, Zydus intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's proposed edaravone product upon receipt of final FDA approval of ANDA No. 220849.

94.     On information and belief, the importation, manufacture, offer to sell, sale, or use of Zydus's proposed edaravone product in the United States prior to the expiration of the '660 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '660 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

95.     Zydus had actual and constructive notice of the '660 patent prior to filing ANDA No. 220849, seeking approval of Zydus's proposed edaravone product.

96.     MTPC is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 220849 be a date that is not earlier than the expiration date of the '660 patent or the later expiration of any patent term extension or exclusivity for the '660 patent to which MTPC is or becomes entitled.

97. MTPC is entitled to a declaration that, if Zydus commercially manufactures, uses, offers for sale, or sells Zydus's proposed edaravone product within the United States, or imports Zydus's proposed edaravone product into the United States, or induces or contributes to such activities, Zydus will infringe one or more claims of the '660 patent under 35 U.S.C. §§ 271(a), (b) and (c).

98. MTPC will be irreparably harmed if Zydus is not enjoined from Zydus's activities infringing the '660 patent. MTPC does not have an adequate remedy and an award of damages would not make MTPC whole.

**COUNT 6: INFRINGEMENT OF THE '025 PATENT**

99. MTPC restates, realleges, and incorporates by reference paragraphs 1–98 as if fully set forth herein.

100. On information and belief, Zydus submitted and/or caused the submission of ANDA No. 220849 to the FDA, seeking approval of Zydus's proposed edaravone product in the United States prior to the expiration of the '025 patent.

101. On information and belief, Zydus's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '025 patent, including at least Independent Claim 1 of the '025 patent. For example, on information and belief, differences, if any, between the features of Zydus's proposed edaravone product and the claims of the '025 patent are insubstantial, and Zydus's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the products claimed in the '025 patent.

102. Zydus has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '025 patent by submitting ANDA No. 220849

with Zydus's Notice Letter, seeking approval of Zydus's proposed edaravone product prior to the expiration of the '025 patent listed in the FDA Orange Book.

103.    On information and belief, Zydus intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's proposed edaravone product upon receipt of final FDA approval of ANDA No. 220849.

104.    On information and belief, the importation, manufacture, offer to sell, sale, or use of Zydus's proposed edaravone product in the United States prior to the expiration of the '025 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '025 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

105.    Zydus had actual and constructive notice of the '025 patent prior to filing ANDA No. 220849, seeking approval of Zydus's proposed edaravone product.

106.    MTPC is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 220849 be a date that is not earlier than the expiration date of the '025 patent or the later expiration of any patent term extension or exclusivity for the '025 patent to which MTPC is or becomes entitled.

107.    MTPC is entitled to a declaration that, if Zydus commercially manufactures, uses, offers for sale, or sells Zydus's proposed edaravone product within the United States, or imports Zydus's proposed edaravone product into the United States, or induces or contributes to such activities, Zydus will infringe one or more claims of the '025 patent under 35 U.S.C. §§ 271(a), (b) and (c).

108.    MTPC will be irreparably harmed if Zydus is not enjoined from Zydus's activities infringing the '025 patent. MTPC does not have an adequate remedy and an award of damages would not make MTPC whole.

## COUNT 7: INFRINGEMENT OF THE '409 PATENT

109.    MTPC restates, realleges, and incorporates by reference paragraphs 1–108 as if fully set forth herein.

110.    On information and belief, Zydus submitted and/or caused the submission of ANDA No. 220849 to the FDA, seeking approval of Zydus's proposed edaravone product in the United States prior to the expiration of the '409 patent.

111.    On information and belief, Zydus's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '409 patent, including at least Independent Claim 1 of the '409 patent. For example, on information and belief, differences, if any, between the features of Zydus's proposed edaravone product and the claims of the '409 patent are insubstantial, and Zydus's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the products claimed in the '409 patent.

112.    Zydus has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '409 patent by submitting ANDA No. 220849 with Zydus's Notice Letter, seeking approval of Zydus's proposed edaravone product prior to the expiration of the '409 patent listed in the FDA Orange Book.

113.    On information and belief, Zydus intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United

States, of Zydus's proposed edaravone product upon receipt of final FDA approval of ANDA No. 220849.

114.    On information and belief, the importation, manufacture, offer to sell, sale, or use of Zydus's proposed edaravone product in the United States prior to the expiration of the '409 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '409 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

115.    Zydus had actual and constructive notice of the '409 patent prior to filing ANDA No. 220849, seeking approval of Zydus's proposed edaravone product.

116.    MTPC is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 220849 be a date that is not earlier than the expiration date of the '409 patent or the later expiration of any patent term extension or exclusivity for the '409 patent to which MTPC is or becomes entitled.

117.    MTPC is entitled to a declaration that, if Zydus commercially manufactures, uses, offers for sale, or sells Zydus's proposed edaravone product within the United States, or imports Zydus's proposed edaravone product into the United States, or induces or contributes to such activities, Zydus will infringe one or more claims of the '409 patent under 35 U.S.C. §§ 271(a), (b) and (c).

118.    MTPC will be irreparably harmed if Zydus is not enjoined from Zydus's activities infringing the '409 patent. MTPC does not have an adequate remedy and an award of damages would not make MTPC whole.

## COUNT 8: INFRINGEMENT OF THE '946 PATENT

119.    MTPC restates, realleges, and incorporates by reference paragraphs 1–118 as if fully set forth herein.

120.    On information and belief, Zydus submitted and/or caused the submission of ANDA No. 220849 to the FDA, seeking approval of Zydus's proposed edaravone product in the United States prior to the expiration of the '946 patent.

121.    On information and belief, Zydus's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '946 patent, including at least Independent Claim 1 of the '946 patent. For example, on information and belief, differences, if any, between the features of Zydus's proposed edaravone product and the claims of the '946 patent are insubstantial, and Zydus's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the products claimed in the '946 patent.

122.    Zydus has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '946 patent by submitting ANDA No. 220849 with Zydus's Notice Letter, seeking approval of Zydus's proposed edaravone product prior to the expiration of the '946 patent listed in the FDA Orange Book.

123.    On information and belief, Zydus intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's proposed edaravone product upon receipt of final FDA approval of ANDA No. 220849.

124.    On information and belief, the importation, manufacture, offer to sell, sale, or use of Zydus's proposed edaravone product in the United States prior to the expiration of the '946 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '946 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

125.    Zydus had actual and constructive notice of the '946 patent prior to filing ANDA No. 220849, seeking approval of Zydus's proposed edaravone product.

126.    MTPC is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 220849 be a date that is not earlier than the expiration date of the '946 patent or the later expiration of any patent term extension or exclusivity for the '946 patent to which MTPC is or becomes entitled.

127.    MTPC is entitled to a declaration that, if Zydus commercially manufactures, uses, offers for sale, or sells Zydus's proposed edaravone product within the United States, or imports Zydus's proposed edaravone product into the United States, or induces or contributes to such activities, Zydus will infringe one or more claims of the '946 patent under 35 U.S.C. §§ 271(a), (b) and (c).

128.    MTPC will be irreparably harmed if Zydus is not enjoined from Zydus's activities infringing the '946 patent. MTPC does not have an adequate remedy and an award of damages would not make MTPC whole.

## **PRAYER FOR RELIEF**

**WHEREFORE,** MTPC respectfully requests the following relief:

A.    A judgment that Defendants have infringed each of the Patents-in-Suit pursuant to 35 U.S.C. § 271(e)(2) by submitting ANDA No. 220849 to the FDA seeking approval of Defendants' proposed edaravone product prior to the expiration of the Patents-in-Suit;

B.    A declaration that the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States, of Defendants' proposed edaravone product described in ANDA No. 220849 will infringe, induce, and/or contribute to the infringement of each of the Patents-in-Suit;

C.      An order issued pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 220849 be a date not earlier than the expiration date of the last to expire of the Patents-in-Suit, including any patent term extensions and/or patent term adjustments and any additional periods of exclusivity to which MTPC is or becomes entitled;

D.      A preliminary and permanent injunction restraining and enjoining Defendants, Defendants' directors, officers, agents, attorneys, affiliates, divisions, successors, and employees, and those acting in privity or concert with Defendants, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of any drug product, or the use thereof, claimed in the Patents-in-Suit, before the expiration date of the last to expire of the Patents-in-Suit, including any patent term extensions and/or patent term adjustments and any periods of exclusivity, including ODE, to which MTPC is or becomes entitled;

E.      A declaration that this is an exceptional case and an award to MTPC of its reasonable expenses, including attorneys' fees pursuant to 35 U.S.C. § 285;

F.      An award to MTPC of costs incurred in this action; and

G.      Such other and further relief as the Court may deem just and proper.

Dated: November 29, 2025
      Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973)-596-4500
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

Bryan C. Diner
Justin J. Hasford
Kenneth S. Guerra (*pro hac vice* to be submitted)
Alexander E. Newkirk (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

Chiaki Kobayashi (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome
Minato-ku, Tokyo, JAPAN 105-6033
+813-3431-6943

Eric J. Marandett (*pro hac vice* to be submitted)
Bryana T. McGillycuddy (*pro hac vice* to be submitted)
**CHOATE, HALL & STEWART LLP**
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

*Attorneys for Plaintiff*
*Mitsubishi Tanabe Pharma Corporation*