Theodora McCormick
Lauren B. Cooper
Alec Wong
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
281 Witherspoon Street
3rd Floor
Princeton, NJ 08540
Telephone: (609) 490-4860

*Attorneys for Zydus Pharmaceuticals (USA) Inc.,*
*Zydus Lifesciences Limited, and*
*Zydus Lifesciences Global FZE*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TANABE PHARMA CORPORATION f/k/a MITSUBISHI TANABE PHARMA CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> ZYDUS PHARMACEUTICALS (USA) INC., ZYDUS LIFESCIENCES LIMITED, and ZYDUS LIFESCIENCES GLOBAL FZE, <br><br> Defendants. | Civil Action No. 2:25-18032 (CCC)(LDW) <br><br> *Document Electronically Filed* |

## DEFENDANTS ZYDUS PHARMACEUTICALS (USA) INC., ZYDUS LIFESCIENCES LIMITED, AND ZYDUS LIFESCIENCES GLOBAL FZE'S REPLY BRIEF IN SUPPORT OF <u>MOTION TO TRANSFER TO THE DISTRICT OF DELAWARE</u>

## TABLE OF CONTENTS

I.      INTRODUCTION .......................................................................................... 1

II.      ARGUMENT ................................................................................................ 1

     A.      It is Undisputed that the Action Against Zydus Could Have Been Brought in the District of Delaware. ..................................................... 1

     B.      The First-Filed Rule Applies to Zydus. ....................................................... 2

     C.      The *Jumara* Factors Favor Transfer. .......................................................... 4

         1.      The Private Interest Factors Weigh in Favor of Transfer. ........................... 4

             a.      Private factor 1: Tanabe's choice of forum should be given no deference. ................................................................. 4

             b.      Private factor 2: Zydus's preferred forum would promote efficiency. ................................................................... 5

             c.      Private factor 3: The claims did not arise in either New Jersey or Delaware. ............................................................ 6

             d.      Private factor 4: New Jersey is no more convenient to the parties than Delaware. ................................................... 6

             e.      Private factors 5 and 6: Tanabe agrees the remaining private interest factors are neutral. .................................. 7

         2.      The Public Interest Factors Weigh in Favor of Transfer. ........................... 7

             a.      Public factor 2: Practical considerations favor transfer. ................. 7

             b.      Public factor 3: Considerations of administrative difficulty weigh in favor of transfer. ............................................. 8

             c.      Public factor 4: Neither New Jersey nor Delaware has a local interest in deciding the present litigation. ................... 8

             d.      Public factors 1, 5, and 6: Tanabe agrees the remaining public interest factors are neutral. .................................... 9

III.      CONCLUSION ............................................................................................. 9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Lab'ys v. Johnson & Johnson, Inc.*,
  524 F. Supp. 2d 553 (D. Del. 2007) ........................................................................... 3

*COA Network, Inc. v. J2 Glob. Commc'ns, Inc.*,
  No. 09-6505, 2010 WL 2539692 (D.N.J. June 17, 2010) ........................................... 9

*Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*,
  21 F. Supp. 2d 465 (D.N.J. 1998) .............................................................................. 3

*E.E.O.C. v. Univ. of Pa.*,
  850 F.2d 969 (3d Cir. 1988) ...................................................................................... 2

*Genentech, Inc. v. Sandoz, Inc.*,
  No. 23-4085, 2024 WL 939692 (D.N.J. Mar. 5, 2024), *aff'd,* No. 23-4085, 2025 WL
  76937 (D.N.J. Jan. 3, 2025) ....................................................................................... 5

*Heron Therapeutics, Inc. v. Slayback Pharma LLC*,
  No. 24-423, 2024 WL 3272825 (D.N.J. July 2, 2024) ............................................... 5

*Honeywell Int'l Inc. v. Int'l Union*,
  502 F. App'x 201 (3d Cir. 2012) ............................................................................... 3

*In re Cinemark Holdings, Inc.*,
  839 F. App'x 476 (Fed. Cir. 2020) ............................................................................ 3

*In re Hoffmann-La Roche, Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ................................................................................. 9

*In re Link_A_Media Devices Corp.*,
  662 F.3d 1221 (Fed. Cir. 2011) .............................................................................. 5, 9

*In re Radicava ORS*,
  No. 25-3326 (D.N.J.) .................................................................................................. 8

*Indivior Inc. v. Dr. Reddy's Lab'ys S.A.*,
  No. 2:17-07111, 2018 WL 4921541 (D.N.J. July 12, 2018) ...................................... 3

*Malhotra v. Janakiram*,
  No. 23-21599, 2024 WL 3616938 (D.N.J. Aug. 1, 2024) .......................................... 2

*Nature's Benefit, Inc. v. NFI*,
  No. 06-4836, 2007 WL 2462625 (D.N.J. Aug. 27, 2007) ......................................... 2

ii

*Osteotech, Inc. v. Gensci Regeneration Scis., Inc.*,
   6 F. Supp. 2d 349 (D.N.J. 1998) ...................................................................................... 3

*Shields v. FedEx Customer Info. Servs., Inc.*,
   No. 1:09-309, 2009 WL 10679160 (S.D. Ohio Oct. 5, 2009)........................................ 3

*Tanabe Pharma Corp. v. Azurity Pharms, Inc.*,
   No. 26-559 (D.N.J.) ....................................................................................................... 8

*Tanabe Pharma Corp. v. Azurity Pharms, Inc.*,
   No. 26-69 (D. Del.)........................................................................................................ 8

*Vanda Pharms. Inc. v. Teva Pharms. USA, Inc.*,
   No. 22-7528, 2023 WL 1883357 (D.N.J. Feb. 10, 2023).................................... 4, 6, 7

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................ 1

## I.    INTRODUCTION

All ANDA cases related to Radicava ORS® (edaravone) should be in the District of Delaware, where Tanabe first chose to litigate six of the eight patents in this action.  As it stands now, the Radicava ORS® litigations are splintered across the Districts of Delaware and New Jersey as a result of Tanabe's litigation strategy.  Yet, even Tanabe concedes that "[c]onsolidation—or at minimum coordinated case management—before a single court ensures consistent rulings across defendants, efficient alignment of schedules, and conservation of judicial resources."  (Plaintiff's Brief in Opposition to Defendants' Motion to Transfer to the District of Delaware (EFC No. 39) ("Opposition") at 23.)  That single court should be the United States District Court for the District of Delaware.

Tanabe seeks to substitute Shionogi, Inc. as plaintiff in Zydus's action.  What Tanabe relegates to a footnote is that Shionogi is a Delaware corporation—undermining any shift in focus from Delaware to New Jersey and further supporting transfer to Delaware.  Tanabe's filing of the New Jersey litigations is not based on any significant connections to the forum but rather is driven by forum shopping.

## II.    ARGUMENT

### A.    It is Undisputed that the Action Against Zydus Could Have Been Brought in the District of Delaware.

Tanabe does not, and cannot, dispute that the action against Zydus could have been brought in the District of Delaware.  Whether the original district is a "natural forum" (Opposition at 10-11) has no place in the transfer analysis.  Tanabe deflects the Court's attention away from the proper threshold inquiry—whether the transferee district is one in which the litigation "might have been brought."  28 U.S.C. § 1404(a).  Zydus FZE and Zydus Lifesciences are foreign entities, and while Zydus USA is located in New Jersey, that does not undermine that

1

this action could have been brought in Delaware.  Accordingly, the threshold inquiry under 28 U.S.C. § 1404(a) is satisfied.

### B.    The First-Filed Rule Applies to Zydus.

All that is necessary for application of the first to file rule is that the actions entail a "substantial overlap" in subject matter.  *Nature's Benefit, Inc. v. NFI*, No. 06-4836, 2007 WL 2462625, at *3 (D.N.J. Aug. 27, 2007) (internal quotations omitted).  Tanabe's narrow take on the first-filed rule is counter to its premise.  These principles are grounded in "what is right and equitable under the circumstances," allowing courts the discretion to "fit the decision to the individualized circumstances."  *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988) (internal quotations omitted).

Here, multiple defendants seeking approval for generic versions of the same reference drug involving overlapping patents creates a "substantial overlap" of legal and factual issues. Tanabe's position that each ANDA case is unique fails to account for multiple common issues in the cases, including the validity of the patents and claim construction.  Moreover, even Tanabe concedes that all Radicava ORS® litigation should be consolidated or coordinated.  (Opposition at 15, 23.)

There is no requirement that the parties and issues across the first-filed and later-filed cases be "mirror images."  (*Id.* at 12-13.)  By Tanabe's own admission, neither *Nature's Benefit* nor *Malhotra v. Janakiram*, No. 23-21599, 2024 WL 3616938 (D.N.J. Aug. 1, 2024) involved identical parties between the first-filed and later-filed actions.  (Opposition at 12.)  Tanabe also concedes that cases have "substantial overlap" where they involve the "same core dispute" and have overlapping claims.  (*Id.* at 12-13.)  Here, the Zydus action and the already consolidated Delaware action center on the same core dispute—the filing of an ANDA seeking FDA approval

to make a generic version of RADICAVA ORS®, involving common infringement allegations and common legal and factual issues related to the validity of the overlapping patents.

The cases on which Tanabe relies are readily distinguishable:

- *In re Cinemark Holdings, Inc.*, 839 F. App'x 476, 478-79 (Fed. Cir. 2020), involved different technologies between the first-filed and later-filed actions, such that transfer "would not likely reduce piecemeal resolution and minimize the possibility of embarrassing inconsistent results that the first-to-file rule was designed to prevent;"

- *Osteotech, Inc. v. Gensci Regeneration Scis., Inc.*, 6 F. Supp. 2d 349, 351 (D.N.J. 1998), involved different causes of action and different relief sought between the first-filed and later-filed actions;

- *Indivior Inc. v. Dr. Reddy's Lab'ys S.A.*, No. 2:17-07111, 2018 WL 4921541, at *2, *8 (D.N.J. July 12, 2018), involved a first-filed action that had already concluded at the time of defendant's motion to transfer and had "'no bearing on the ultimate determination of the controversy' over a different patent at issue in the [second] case;"

- *Abbott Lab'ys v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 558 (D. Del. 2007), involved a determination of which party's case should be deemed first filed in a "race to the courthouse;"

- *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.,* 21 F. Supp. 2d 465, 468, 473 (D.N.J. 1998), involved two actions with different plaintiffs and different causes of action;

- *Shields v. FedEx Customer Info. Servs., Inc.*, No. 1:09-309, 2009 WL 10679160, at *1-2 (S.D. Ohio Oct. 5, 2009), does not mention, much less apply, the first-filed rule; and

- *Honeywell Int'l Inc. v. Int'l Union*, 502 F. App'x 201, 204-06 (3d Cir. 2012), involved a first-filed action seeking a declaratory judgment filed before providing required statutory notice to "race to the courthouse" for its choice of forum, such that "deference to the second-filed action . . . was 'right and equitable under the circumstances.'"

Here, the action against Zydus has far greater overlap with the pending first-filed action in Delaware than the overlap in the cases on which Tanabe relies. All asserted patents relate to formulations containing the active pharmaceutical ingredient edaravone and methods of orally administering edaravone for the treatment of amyotrophic lateral sclerosis. And, as noted above,

3

in seeking consolidation of the Delaware and New Jersey actions, Tanabe has conceded that there will be overlap in litigating the "Formulation Patents" and "Food Effect Patents" as consolidation requires "common questions of law or fact."  (Opposition at 15, 23.)  Additionally, only Tanabe is responsible for filing lawsuits related to the same product in both New Jersey and Delaware.  Zydus, in filing its motion to transfer, is seeking to hold Tanabe to its original choice of forum.  Finally, the "balance of convenience" does not outweigh application of the first-filed rule (*id.* at 16), but rather, as discussed below and in Zydus's Opening Brief, the balance weighs in favor of transfer.  (Zydus's Brief in Support of Motion to Transfer to the District of Delaware ("Opening Brief") at 7-10.)

### C.       The *Jumara* Factors Favor Transfer.

Tanabe misapplies the *Jumara* factors; when applied properly, they favor transfer.

#### 1.       The Private Interest Factors Weigh in Favor of Transfer.

##### a.       Private factor 1: Tanabe's choice of forum should be given no deference.

Tanabe is a foreign corporation.  Courts in this district have found that when a plaintiff brings suit in a district other than its home forum, the plaintiff's choice of forum is entitled to less deference.  *Vanda Pharms. Inc. v. Teva Pharms. USA, Inc.*, No. 22-7528, 2023 WL 1883357, at *4 (D.N.J. Feb. 10, 2023).

Moreover, there are no significant connections between New Jersey and the operative facts (Opposition at 17-18): (i) Tanabe Pharma America, who Tanabe argues filed the NDA for Radicava ORS®, is not a party to this case; (ii) Shionogi Inc., which Tanabe argues now holds the NDA and owns the Orange-Book patents, is not a party to this case and, in any event, is a Delaware corporation (*id.* at 2 n.3); (iii) the presence of one of ten inventors currently residing in New Jersey has no bearing on the facts giving rise to the claims in this action, and Tanabe does

not dispute that much of the research and development on the asserted patents occurred in Japan; and (iv) Zydus FZE and Zydus Lifesciences are foreign entities, and while Zydus USA is located in New Jersey, the research and development of Zydus's proposed generic product occurred in India. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223-24 (Fed. Cir. 2011) (finding that plaintiff's choice of forum and defendant's corporate domicile are not dispositive facts in the venue transfer analysis). These facts are far from "firmly anchor[ing] this action" to New Jersey and do not distinguish the present case from *Heron Therapeutics, Inc. v. Slayback Pharma LLC*, No. 24-423, 2024 WL 3272825 (D.N.J. July 2, 2024).

The events that Tanabe claims sparked its decision to file in New Jersey—the issuance of new Orange Book-listed patents, additional ANDA and 505(b)(2) applicants, and the grant of Orphan Drug Exclusivity (Opposition at 18)—have nothing to do with New Jersey. Tanabe is desperately attempting to connect the defendants to New Jersey, including those it initially sued in Delaware, to justify its newfound desire to litigate in New Jersey. But Tanabe has not identified a single defendant that could not have been sued in Delaware.

Tanabe's reliance on *Genetech* to support its choice of forum is misplaced. (*Id*. at 18-19.) There, "the prior Delaware lawsuit was fully concluded before this one was filed, such that Genentech was under no practical or legal imperative to file in Delaware to join an ongoing, related suit." *Genentech, Inc. v. Sandoz, Inc.*, No. 23-4085, 2024 WL 939692, at *5 (D.N.J. Mar. 5, 2024), *aff'd,* No. 23-4085, 2025 WL 76937 (D.N.J. Jan. 3, 2025). For these reasons, the Court should give no deference to Tanabe's choice of forum.

> **b.    Private factor 2: Zydus's preferred forum would promote efficiency.**

Zydus's preference to litigate in Delaware favors transfer. Tanabe argues that Zydus's case would be at a different stage than those in Delaware (Opposition at 19-20) while also

5

arguing that all the cases are so similar that they should be consolidated to "ensure[] consistent rulings across defendants, efficient alignment of schedules, and conservation of judicial resources" (*id.* at 23).  New generic applicants are routinely added to pending Hatch-Waxman litigations and the parties are able to coordinate efforts without "effectively restarting the case from the beginning" (*id.* at 19).  Zydus's assertion of counterclaims in this case is a byproduct of Tanabe's choice to file its complaint in New Jersey and has no bearing on this factor.  (*Id.*)

### c. Private factor 3: The claims did not arise in either New Jersey or Delaware.

Tanabe relies on similar facts in support of private factors 1 and 3.   For the same reasons discussed above, Tanabe's argument that New Jersey is the center of gravity—*i.e.*, where the operative facts giving rise to this action occurred—also fails.

Additionally, courts in this district have found that the forum where the ANDA was submitted does not contribute to the center of gravity analysis, especially when this *Jumara* factor "is far outweighed by the practical considerations of judicial economy and efficiency of transfer," as is the case here.  *Vanda Pharms., Inc.*, 2023 WL 1883357, at *5 n.4.  Accordingly, the center of gravity analysis does not favor either New Jersey or Delaware because the underlying operative facts did not occur in either district, and this factor is neutral.

### d. Private factor 4: New Jersey is no more convenient to the parties than Delaware.

Neither party would have difficulty litigating in either forum.  Tanabe has failed to articulate why the location of "regulatory and commercial activities" impacts the convenience of litigating this action in either forum.  (Opposition at 22.)  As Zydus litigates in both districts and Tanabe has chosen to engage in litigation in the District of Delaware related to Radicava ORS® as well as seeks to substitute a Delaware corporation as plaintiff, Tanabe would be hard-pressed

to assert that one forum is more convenient for the parties than the other.  Thus, this factor should be considered neutral.

### e. Private factors 5 and 6: Tanabe agrees the remaining private interest factors are neutral.

Tanabe does not dispute that the remaining private interest factors—the convenience of the witnesses and the location of books and records—are neutral.  (Opposition at 22.)

### 2. The Public Interest Factors Weigh in Favor of Transfer.

### a. Public factor 2: Practical considerations favor transfer.

Tanabe's attempts to distinguish litigating the "Formulation Patents" from litigating the "Food Effect Patents" are unavailing.  First, it is clear that Tanabe believes all the patents should be litigated together.  Second, there is no reason why the "Food Effect Patents" could not be litigated in a forum that has gained familiarity with the related "Formulation Patents"—"[t]he Federal Circuit has made clear that a court's familiarity with related patents and facts from prior litigation—separate and apart from efficiencies gained by consolidation with pending litigation—is a valid factor for purposes of a motion to transfer."  *Vanda Pharms. Inc.*, 2023 WL 1883357, at *6.  Tanabe concedes there would be "common questions of law or fact" in litigating the "Formulation Patents" and the "Food Effect Patents," including some overlap related to the validity of the two patent families.  (Opposition at 13, 15, 23.)  The parties could leverage the Delaware court's familiarity with the technology and "Formulation Patents" in litigating the "Food Effect Patents."

Additionally, the existence of other cases in New Jersey against Azurity and Shanghai Auzone is a direct result of Tanabe's shifting strategy and does not disfavor transfer of Zydus's action.  (*Id.* at 23.)  Tanabe has sued Azurity in both Delaware and New Jersey, and Azurity has not filed an answer in either jurisdiction.  *See Tanabe Pharma Corp. v. Azurity Pharms, Inc.*, No.

7

26-69 (D. Del.); *Tanabe Pharma Corp. v. Azurity Pharms, Inc.*, No. 26-559 (D.N.J.).  Further, the case against Shanghai Auzone differs from the case against Zydus (and the other defendants) in that it involves a 505(b)(2) application rather than an ANDA.  *See In re Radicava ORS*, No. 25-3326 (D.N.J.), ECF No. 1 at 5-6.  The case against Shanghai Auzone will likely involve unique issues and does not support Tanabe's assertion of alleged inefficiencies in litigating the Zydus action in Delaware.

Beyond unsuccessfully pointing to the existence of the cases against Azurity and Shanghai Auzone, Tanabe offers no support for why "judicial economy [would be] best served by centralizing all Radicava ORS® Hatch-Waxman litigations in New Jersey."  (Opposition at 23.)

> **b.**   **Public factor 3: Considerations of administrative difficulty weigh in favor of transfer.**

Tanabe minimizes the significance of over two years of litigation in Delaware—actions it initiated and continues to pursue—that involves six of the same patents at issue in the Zydus case.  Judge Hall's familiarity with the "Formulation Patents" would reduce the administrative burden on the courts as both the "Formulation Patents" and the "Food Effect Patents" involve the same reference-listed drug, the same ANDA filings, and have overlapping legal and factual issues.  Furthermore, any work done in the Delaware action could be leveraged to efficiently add Zydus to the ongoing Delaware case, which is routinely done in Hatch-Waxman cases.  For these reasons and the reasons discussed above with respect to the other *Jumara* factors, transfer to the District of Delaware would promote efficiency and result in minimal administrative burden.

> **c.**   **Public factor 4: Neither New Jersey nor Delaware has a local interest in deciding the present litigation.**

Tanabe fails to address the legal authority cited by Zydus that states "[p]atent infringement lawsuits are matters of national concern that are not 'local controversies,' nor do

they implicate the public policies of any one forum." *COA Network, Inc. v. J2 Glob. Commc'ns, Inc.*, No. 09-6505, 2010 WL 2539692, at *5 (D.N.J. June 17, 2010).

The facts that Tanabe identifies are far from those relied upon in *In re Hoffmann-La Roche*. There, the court found a local interest in the case "because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community." *In re Hoffmann-La Roche, Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). Here, the relevant witnesses (with the exception of one inventor) are located outside the U.S. The facts Tanabe presents—the incorporation of one Zydus entity, the parties' regulatory filings, the involvement of non-party entities (including one incorporated in Delaware)—do not amount to "significant New Jersey connections" or create "a strong local interest" in resolving the dispute (Opposition at 26). *See In re Link_A_Media Devices Corp.*, 662 F.3d at 1224 ("The defendant's state of incorporation . . . should not be dispositive of the public interest analysis."). Thus, this factor should be considered neutral.

> **d.    Public factors 1, 5, and 6: Tanabe agrees the remaining public interest factors are neutral.**

Tanabe does not dispute that the remaining public interest factors—the enforceability of the judgment, familiarity with applicable law, and the public policies of the fora—are neutral. (Opposition at 26-27.)

## III.    CONCLUSION

For the reasons discussed above and in Zydus's Opening Brief, Zydus respectfully requests that the Court grant its motion to transfer this case to the District of Delaware.

Dated:  May 4, 2026

By:  s/ Theodora McCormick
Theodora McCormick
Lauren B. Cooper
Alec Wong
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
281 Witherspoon Street
3rd Floor
Princeton, NJ 08540
Telephone: (609) 490-4860
tmccormick@bakerdonelson.com
lcooper@bakerdonelson.com
twong@bakerdonelson.com

*Of Counsel*:
Michael J. Gaertner (admitted *pro hac vice*)
Nina Vachhani (admitted *pro hac vice*)
Jacob C. Britz (admitted *pro hac vice*)
Hannah J. Thomas (admitted *pro hac vice*)
**BUCHANAN INGERSOLL & ROONEY PC**
150 North Riverside Plaza
Suite 2800
Chicago, IL 60606
Telephone: (312) 261-8777
michael.gaertner@bipc.com
nina.vachhani@bipc.com
jacob.britz@bipc.com
hannah.thomas@bipc.com

Zhibin Li
**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, NY 10019-6102
Telephone: (212)-440-4400
zhibin.li@bipc.com


*Attorneys for Zydus Lifesciences Global FZE, Zydus Pharmaceuticals (USA) Inc., and Zydus Lifesciences Limited*

10